IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LOWELL G. MCDONALD                                     PLAINTIFF

vs.                                    CIVIL NO. 06-2072

MICHAEL J. ASTRUE[1], Commissioner,
  SOCIAL SECURITY ADMINISTRATION                            DEFENDANT

**MEMORANDUM OPINION**

Lowell McDonald ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court were filed on April 23, 2004, alleging an onset date of February 10, 2003, due to lower back and neck pain, headaches, shortness of breath, and chest pain. (Tr. 100, 141). An administrative hearing was held on March 10, 2005. (Tr. 209-235).

The ALJ issued a written opinion on October 13, 2005, finding that, although plaintiff's lower back pain and moderate chronic obstructive pulmonary disease were severe impairments within the meaning of the Regulations, they did not meet or medically equal an impairment contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4. (Tr. 12-20). As such, the ALJ determined that plaintiff retained the residual functional capacity ("RFC")

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

to lift 20 pounds occasionally and 10 pounds frequently, stand and/or walk no more than 6 hours of an 8 hour workday, sit no more than 6 hours of an 8 hour day, and engage in no more than occasional bending or stooping. (Tr. 19-20). With the assistance of a vocational expert ("VE"), the ALJ then concluded that plaintiff could still perform work as a sales clerk and a poultry plant worker. (Tr. 19, 20).

At the time of the ALJ's final decision, plaintiff was forty-nine years old and possessed a tenth grade education. (Tr. 60, 82). The record reveals that he had past relevant work ("PRW") experience as a an unskilled laborer. (Tr. 77).

On May 5, 2006, the Appeals Council declined review. (Tr. 4-7). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Although both parties were afforded an opportunity to file appeal briefs, plaintiff has chosen not to do so. (Doc. # 13). The case is now ready for decision.

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving him disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in

light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the ALJ's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the record reveals that plaintiff was diagnosed with chronic neck and lower back pain and chronic obstructive pulmonary disease. (Tr. 153, 157-159, 176-178, 180-186). Pulmonary function tests conducted in September 2004 revealed moderate airway obstruction. (Tr. 158). However, aside from the two RFC assessments completed by non-examining, consultative physicians, the record contains no RFC assessment. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at

all does not generally constitute substantial evidence).  In fact, the only other evidence of record relating to plaintiff's ability to perform work-related activities is a physical exam performed in May 2004.  (Tr. 176-178).  At this time, plaintiff complained of neck and lower back pain as well as shortness of breath.  On examination, his breath sounds were somewhat tight but otherwise normal and tenderness was noted in the area of the lumbosacral spine and the right paravertebral area.  The doctor also noted a moderate restriction in plaintiff's ability to bend backward and a mild to moderate restriction in his ability to move forward.  Plaintiff was diagnosed with COPD and mechanical neck and lower back pain, and the doctor indicated that plaintiff's condition was slowly progressing.  He found that plaintiff would have limitations with regard to walking, sitting, stooping, kneeling, reaching, and pulling.  The doctor also stated that plaintiff should avoid lifting or pushing.  (Tr. 178).

While plaintiff did undergo a general physical examination in June 2005, that doctor indicated that he was unable to determine whether or not plaintiff had any exertional limitations.  (Tr. 180-186).  Further, although Dr. Michael Miranda had been treating plaintiff for his condition since September 2003, the ALJ did not seek to obtain an RFC assessment from Dr. Miranda.  Therefore, we believe that remand is necessary to allow the ALJ to reassess plaintiff's RFC.  In so doing, the ALJ is directed to address interrogatories to Dr. Miranda, asking him to review plaintiff's medical records, complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question, and give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained

basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ENTERED this 30th day of April 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)